UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUANG "BRADLEY" HONG,

    Plaintiff,

v.

KEY SAFETY RESTRAINT
SYSTEMS, INC., ET AL.,

    Defendants.
_____/

Case No. 18-cv-10541

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER DENYING DEFENDANTS' MOTION IN LIMINE [#43]**

**I. INTRODUCTION**

Present before the Court is Defendants Key Safety Restraint Systems, Inc. ("KSS") and Joe Perkins' Motion in Limine. Dkt. No. 43. For the reasons set forth below, the Court will DENY the Motion [#43].

**II. BACKGROUND**

Plaintiff Bradley Hong, a Chinese-American United States Citizen, initiated this employment discrimination suit after he was fired by Defendant KSS during a Reduction in Force ("RIF") in October 2017. Plaintiff alleges he was wrongfully terminated on account of his race. In support of his claims, Plaintiff asserts that his supervisor, Defendant Joe Perkins, regularly made disparaging remarks directed at

-1-

people of Chinese ethnicity during staff meetings. Further, that Perkins acted on his animus towards the Chinese to terminate Plaintiff. While Defendants do not refute Perkins' statements, they argue that he had no role or influence over the decision to fire Plaintiff. Instead, they maintain that Yuxin Tang -- KSS's interim President -- made this decision alone. Therefore, Defendants seek to prevent Plaintiff from introducing Perkins' statements at trial before establishing their relevance.

### III. LEGAL STANDARD

A motion in limine refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984). The purpose of these motions is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In disposing of a motion in limine, the guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio, 2004).

### IV. DISCUSSION

Defendants argue that before Plaintiff can introduce evidence of Defendant Perkins' alleged anti-Chinese remarks, he should be required to lay a foundation

that the remarks are relevant.  Specifically, Defendants ask the Court to require Plaintiff to demonstrate the following:

1. Defendant Perkins significantly contributed to the decision to eliminate Plaintiff's position;

2. The remarks were related to the decision-making process;

3. The remarks were more than merely vague, ambiguous, or isolated remarks; and

4. The remarks were proximate in time to the act of termination.

*See* Dkt. No. 43, p. 7 (Pg. ID 867); *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325, 1330 (6th Cir. 1994) ("In [employment] discrimination cases, this court has examined statements allegedly showing employer bias by considering whether the comments were made by a decision maker or by an agent within the scope of his employment; whether they were related to the decision-making process; whether they were more than merely vague, ambiguous, or isolated remarks; and whether they were proximate in time to the act of termination.").  Defendants, however, are attempting to relitigate issues that the Court has already ruled upon.

In its April 3, 2019 Opinion and Order Denying Defendants' Motion for Summary Judgment, the Court held that, based on the evidence in the record, a reasonable juror could conclude that Defendant Perkins was either the decisionmaker behind Plaintiff's termination or at least influenced Plaintiff's termination.  *See* Dkt. No. 36, p. 12 (Pg. ID 806); *see also* Dkt. No. 40 (Opinion

and Order Denying Defendants' Motion for Reconsideration). This was due, in part, to the fact that Yuxin Tang testified that his management team presented him with a list of employees they recommended should be terminated in the RIF. *See* Dkt. No. 29-7, p. 6 (Pg. ID 382). And, on October 17, 2017, Perkins sent Tang an email recommending several names as a beginning point for the RIF, including Plaintiff's. *See* Dkt. No. 29-8, pp. 13-14 (Pg. ID 395-96). Nowhere in the email did Perkins state that Tang pre-selected Tang for termination in the RIF. Furthermore, when asked whether Tang pre-selected Plaintiff, Perkins did not provide a straightforward answer: "[Tang] provided the first indication as to that direction, and then allowed me to make a recommendation that he was the final approver of." Dkt. No. 29-9, p. 11 (Pg. ID 409).

In addition to the above, the Court found that Perkins' alleged anti-Chinese statements during staff meetings were more than just stray, irregular remarks. *See* Dkt. No. 36, p. 14 (Pg. ID 808); *Goodyear Tire & Rubber Co.*, 154 F.3d 344, 356 (6th Cir. 1998) ("[W]hen assessing the relevancy of an allegedly biased remark where the plaintiff presents evidence of multiple discriminatory remarks or other evidence of pretext, we do not view each discriminatory remarks in isolation, but are mindful that the remarks buttress one another as well as any other pretextual evidence supporting an inference of discriminatory animus."). As such, this provided some evidence upon which a reasonable juror could conclude that Perkins

harbored racial animus and acted on this animus to either terminate or influence Plaintiff's termination under the cover of a RIF. *See* Dkt. No. 36, p. 15 (Pg. ID 809).

Finally, with respect to the timing of the remarks, Plaintiff testified that Perkins continued to make these discriminatory statements up until the day he was fired. *See* Dkt. No. 43-6, pp. 7-8 (Pg. ID 918-919). Hence, this conduct was proximate in time to the act of termination.

In short, the Court finds that evidence related to Perkins' alleged discriminatory statements is highly relevant to the issues in this case. *See* FRE 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."); *see also Williams v. Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997) (holding a district court has broad discretion to determine matters of relevance). Moreover, any potential danger in admitting this evidence does not substantially outweigh its probative value. *See* FRE 403 ("The court may exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Accordingly, the Court will Deny Defendants' Motion in Limine.

## V. Conclusion

For the reasons stated herein, the Court will DENY Defendants' Motion in Limine [#43].

IT IS SO ORDERED.

Dated: June 5, 2019

                                         s/Gershwin A. Drain
                                         HON. GERSHWIN A. DRAIN
                                         United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 5, 2019, by electronic and/or ordinary mail.

                                         s/Teresa McGovern
                                         Case Manager